UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Northern Division



| | |
|---|---|
| SHERRESE M. WILLIAMS and<br>TONI ALBERTA KIRKLEWSKI | * |
| Plaintiffs | * |
| v. | *   Civil Action No. JFM 00 CV 3348 |
| WORLDCOM, INC., et al. | * |
| Defendants | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JOINT MOTION FOR PROTECTIVE ORDER

Plaintiffs Sherrese Williams ("Williams") and Toni Alberta Kirklewski ("Kirklewski") and Defendants WorldCom, Inc. ("WorldCom") and Lisa Tawney Scheuerman ("Scheuerman"), by and through their respective counsel, respectfully request that the Court approve the attached Protective Order and as grounds state as follows:

1.   On or about November 9, 2000, Plaintiffs filed a Complaint against WorldCom, Scheuerman, and three other individual defendants. Plaintiffs subsequently were granted leave to amend their Complaint. The action involves claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e *et seq.*, as amended, as well as a common law claim for intentional infliction of emotional distress by Plaintiff Williams.

2.   During the course of discovery in this litigation, it is anticipated that the Plaintiffs, WorldCom and Scheuerman may be required to produce confidential

information not generally known to the general public, including medical information, trade secrets, and confidential business information.

3. Accordingly, the parties have entered into a Protective Order covering any such confidential information produced, used or disclosed in this litigation, a copy of which is attached hereto at Exhibit A.

4. The issuance of a Protective Order is necessary and appropriate in this case to address the legitimate concerns of Plaintiffs, WorldCom and Scheuerman about confidentiality and to safeguard the privacy of all the parties involved.

WHEREFORE, the Plaintiffs and Defendants WorldCom and Scheuerman hereby respectfully request that the Court grant the attached Protective Order.

Respectfully submitted,

_____
Steven M. Sprenger
 Federal Bar No. 06098
SPRENGER & LANG, PLLC
3100 Broadway, Suite 1210
Kansas City, Missouri 64111

Cynthia J. Totten
SPRENGER & LANG, PLLC
1614 Twentieth Street, N.W.
Washington, D.C.  20009

Lawrence P. Schaefer
SPRENGER & LANG, PLLC
325 Ridgewood Avenue
Minneapolis, Minnesota 55403

Attorneys for Plaintiffs
Sherrese M. Williams and
Toni Alberta Kirklewski

_____
Emmett McGee
 Federal Bar No. 08462
Lynn A. Clements
 Federal Bar No. 25944
PIPER MARBURY RUDNICK &
 WOLFE LLP

Attorneys for Defendants
WorldCom, Inc. and Lisa Tawney
Scheuerman

- 2 -

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of March, 2001, a copy of the foregoing Joint Motion for Protective Order was mailed first-class, postage prepaid to the following:

Michael Bowers
411 Valium Circle
Glen Burnie, Maryland 21061
Defendant

and

Steven M. Sprenger, Esquire,
Sprenger & Lang, PLLC
3100 Broadway, Suite 1210
Kansas City, MO 64111

Lawrence P. Schaefer, Esquire
Sprenger & Lang, PLLC
325 Ridgewood Avenue
Minneapolis, MN 55403

Cynthia J. Totten, Esquire
Sprenger & Lang, PLLC
1614 Twentieth Street, N.W.
Washington, D.C. 20009

Attorneys for Plaintiffs

Lynn A. Clements

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Northern Division

SHERRESE M. WILLIAMS and  *
TONI ALBERTA KIRKLEWSKI
                                            *

    Plaintiffs
                                            *   Civil Action No. JFM 00 CV 3348
v.
                                            *

WORLDCOM, INC., et al.
                                            *

    Defendants
                                            *

**************************

## STIPULATION AND PROTECTIVE ORDER REGARDING THE EXCHANGE OF PRIVILEGED AND CONFIDENTIAL INFORMATION

Plaintiffs Sherrese M. Williams and Toni Alberta Kirklewski and Defendants WorldCom, Inc. and Lisa Tawney Scheuerman (collectively herein the "Parties"), through their respective counsel of record, hereby stipulate and request that the Court order as follows:

1. The Parties to this litigation desire to hold confidential and to limit the disclosure of certain financial, medical, personnel or business information which may be produced during discovery or trial of this matter. Accordingly, the Parties enter this stipulation and agreement governing the use of such confidential information and stipulate and agree as follows:

2. This Protective Order is intended to apply to and protect Plaintiffs Sherrese M. Williams and Toni Alberta Kirklewski and Defendant WorldCom, Inc., MCI Communications Corporation, MCI WORLDCOM Network Services, Inc., MCI WORLDCOM Communications,

Inc. and any and all of their subsidiaries or related corporations and/or entities (hereinafter referred to collectively as "WorldCom").

3. Any Party hereto may designate as "CONFIDENTIAL" any documents, information, tangible items and testimony which a Party believes in good faith constitute, contain, reveal or reflect financial, medical, personnel, trade secret or other confidential research, development, or commercial information not otherwise available from a public source.

4. "Confidential Information" refers to all information which is designated as "CONFIDENTIAL," as described above. Each person, other than counsel of record, to whom the Confidential Information is given, shown, made available or communicated must execute a written verification in the form attached hereto as Exhibit A prior to the disclosure of such Confidential Information.

5. Documents, information or tangible items shall be designated Confidential Information within the meaning of this Protective Order in the following ways:

    a. In the case of documents and the information contained therein, designation shall be made by placing on the document the legend "CONFIDENTIAL;"

    b. In the case of interrogatory answers and the information contained therein, designation shall be made by placing on the pages containing the Confidential Information the legend "CONFIDENTIAL;"

    c. In the case of tangible items, designation shall be made by visibly marking the item "CONFIDENTIAL;" and

    d. In producing original files and records for inspection, no marking need be made by the producing Party in advance of the inspection. For purposes of the inspection, all documents produced shall be considered as marked "CONFIDENTIAL." Thereafter, upon selection of specified documents

for copying by the inspecting Party, the producing Party shall mark as "CONFIDENTIAL" the copies of such documents as may contain Confidential Information at the time the copies are produced to the inspecting Party.

6. Confidential Information designated "CONFIDENTIAL" shall be kept confidential and shall not be given, shown, made available, discussed or otherwise communicated in any manner to any person or entity not authorized to receive the information under the terms of this Protective Order, except (a) counsel of record for the receiving Party and, where appropriate, paralegal and other professional and clerical personnel employed by counsel (collectively referred to as "attorney support staff"); (b) experts retained to assist counsel for the receiving Party, including employees and assistants of such experts; (c) the Parties, which include officers, directors, managers, employees, contractors, agents or consultants of the Parties; (d) witnesses, which include persons with knowledge of the facts alleged in the pleadings, or otherwise identified as witnesses in this case; (e) the officer taking or reporting the deposition and employees of such reporter, to the extent necessary to prepare the transcript of the deposition; and (f) the Court and persons associated with or employed by the Court whose duties require access to the information.

7. Confidential Information and all other information contained therein, unless obtained from a non-protected or public source, shall be used only for the purposes of this litigation, and shall not be disclosed in accordance with this Protective Order, or other Order of the Court.

8. None of the Parties shall contact or communicate with any customer, contractor or supplier of WorldCom (collectively referred to as "Customer" or "Customers") concerning any aspect of this litigation (including, but not limited to, the conduct of Plaintiffs) unless WorldCom first gives its written consent to Plaintiffs to contact the Customer. In the event that Plaintiffs

request written consent from WorldCom with respect to a particular Customer, and WorldCom refuses to give its consent, then WorldCom shall within ten days of its refusal file a motion with the Court seeking a protective order prohibiting Plaintiffs from making the requested contact. If WorldCom refuses to give its consent then none of the Parties shall contact the particular Customer unless and until the Court denies WorldCom's motion. Furthermore, in no case shall Plaintiffs show or otherwise disclose to a Customer any Confidential Information other than Confidential Information that refers to that particular Customer; provided, however, if WorldCom shows or otherwise discloses other Confidential Information to a Customer, then WorldCom shall so inform Plaintiffs, and in that case Plaintiffs also may show or disclose the same Confidential Information to the Customer.

9. Materials designated "CONFIDENTIAL" by the Parties may be copied by counsel of record for the receiving Party for the purpose of this litigation. Such copies only may be (1) given, shown, made available, or communicated to those individuals designated in Paragraph 6 above who have executed the written verification attached hereto as Exhibit A or (2) filed with the Court under seal in accordance with this Order as exhibits. Materials designated "CONFIDENTIAL" by the Parties may not be transcribed in any way or format by the receiving Party, their counsel or any other person.

10. If the depositions conducted in this action involve Confidential Information, counsel for the witness or Party producing such information shall designate on the record the portion of the deposition which contains Confidential Information. If such designation is made, those portions of said depositions involving such information will be taken with no one present except those persons who are authorized to have access to such Confidential Information in accordance with this Protective Order and the reporter. Each Party shall have until ten (10) business days after receipt of the deposition transcript within which to inform the other Party to the action of the portions of the transcript (by specific page and line reference) to be designated

as Confidential Information. The right to make such designation shall be waived unless made within the ten (10) business day period. Prior to such designation or expiration of the ten (10) business day period, the entire deposition transcript shall be deemed Confidential Information. Transcripts of testimony, or portions thereof, containing the Confidential Information shall be filed only under seal as described in Paragraph 13 until further Order of this Court.

11. Any Party, in good faith, may designate as Confidential Information at any time information which has been previously produced in the event of that Party's inadvertent failure to make such a designation earlier; however, there shall be no obligation to remedy any disclosure prior to such designation.

12. All extracts and summaries of Confidential Information, as well as briefs or other pleadings, which quote or disclosure such Confidential Information shall also be treated as "CONFIDENTIAL" in accordance with the provisions of this Protective Order.

13. Any document, pleading or tangible items that contains Confidential Information, if filed or submitted to the Court, shall be filed in a sealed envelope with a notation on the front of the envelope as follows: "CONFIDENTIAL - Not To Be Opened Except By The Court, Or Upon Order Of The Court, Or By Stipulation Of The Parties." The Party making such filing or submission must simultaneously submit to the Court a motion and accompanying order pursuant to Local Rule 105.11.

14. Nothing contained in this Protective Order shall prevent the use of Confidential Information at a hearing or at trial or in deposition, subject to any further safeguards the Court may impose upon motion by either Party.

15. In the event that any Party to this litigation disagrees with the propriety of any designation of any information as Confidential Information, the Parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be so resolved, the Party claiming that the information is not properly designated may seek appropriate relief from this

Court. In any such Court proceeding, the Party claiming confidentiality shall have the burden of establishing the same.

16. This Protective Order shall be without prejudice to the right of any Party to oppose production of any information on grounds other than confidentiality.

17. Within ten (10) days of the final termination of this action, including any appeals, all Confidential Information furnished pursuant to this Protective Order and all copies thereof, shall be destroyed or returned to the disclosing Party; however, counsel of record for the receiving Party shall be permitted to maintain the complete integrity of their files, including all work product. The Clerk of the Court may destroy or return to counsel of record for either Party any material filed or submitted to the Court under seal after the final termination of this action, including any appeals.

18. Nothing contained in this Protective Order shall affect a Party's right to disclose to its officers, directors, employees, partners or consultants, or to use as it desires any of its own Confidential Information designated and produced by that Party as "CONFIDENTIAL."

19. A Party's failure to designate any Information "CONFIDENTIAL" shall not constitute a waiver of that Party's claim outside this litigation that such Information is protected as confidential information.

20. The failure of either Party to insist upon full compliance with any of the terms of this Protective Order in any instance shall not be deemed a waiver of the subsequent right to insist upon full compliance with those terms.

21. Nothing contained herein shall be deemed a waiver by the Parties of any objections that may be raised at trial as to relevance, materiality or admissibility of any evidentiary material.

22. The terms of this Stipulation and Order shall survive any final disposition of this case, absent further Order of the Court, or written agreement of the parties hereto.

23. No modification or amendment of this Protective Order is permitted except by a writing signed by counsel for the parties and approved by the Court or upon motion by either Party approved by the Court.

24. The Clerk of the Court is ordered to show a copy of this Protective Order to anyone desiring access to any of the papers of this suit, and to deny access to all papers designated confidential filed with the Court, in accordance with the provisions of this Protective Order.

Steven M. Sprenger
Federal Bar No. 06098
SPRENGER & LANG, PLLC
3100 Broadway, Suite 1210
Kansas City, Missouri 64111

Cynthia J. Totten
SPRENGER & LANG, PLLC
1614 Twentieth Street, N.W.
Washington, D.C. 20009

Lawrence P. Schaefer
SPRENGER & LANG, PLLC
325 Ridgewood Avenue
Minneapolis, Minnesota 55403

Attorneys for Plaintiffs
Sherresse M. Williams and
Toni Alberta Kirklewski


*Emmett McGee/lac*
Emmett F. McGee, Jr.
  Federal Bar No. 08462
Lynn A. Clements
  Federal Bar No. 25944
PIPER MARBURY RUDNICK
& WOLFE LLP
6225 Smith Avenue
Baltimore, Maryland 21209
(410) 580-3001

Attorneys for Defendants WorldCom, Inc.
and Lisa Tawney Scheuerman


IT IS SO ORDERED this 29th day of May, 2001.

_____
Judge, United States District Court

- 8 -

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

## Northern Division

SHERRESE M. WILLIAMS and  \*
TONI ALBERTA KIRKLEWSKI
                                                 \*
    Plaintiffs
                                                 \*   Civil Action No. JFM 00 CV 3348
v.
                                                 \*
WORLDCOM, INC., et al.
                                               \*
    Defendants
                                                 \*
**************************

## VERIFICATION

1.    My name is _____, and my address is _____.

2.    I acknowledge that I have received and read a copy of the Stipulation and Protective Order Regarding the Exchange of Confidential Information ("Protective Order"), which has been entered in this litigation.

3.    I further acknowledge that I will not disclose or use any CONFIDENTIAL INFORMATION for any purpose other than this litigation nor will I disclose the CONFIDENTIAL INFORMATION provided to me to any person who is not authorized to receive, disclose or use the CONFIDENTIAL INFORMATION pursuant to the Order. I further agree that I will not photocopy or otherwise duplicate CONFIDENTIAL INFORMATION for any purpose other than this litigation.

4. I further acknowledge that I will not discuss such CONFIDENTIAL INFORMATION with any person other than those persons who are authorized by the Protective Order to have access to the CONFIDENTIAL INFORMATION.

5. I further acknowledge and agree that I will return all CONFIDENTIAL INFORMATION furnished to me pursuant to the Protective Order, and all copies thereof, to counsel of record for either Party within ten days of the final termination of this action, including any appeals.

6. I further understand that any disclosure or use of CONFIDENTIAL INFORMATION contrary to the provisions of the Protective Order shall subject me to sanctions for contempt and/or subject me to civil liability. I further agree to subject myself to the jurisdiction of this Court for the purpose of any proceedings related to the Protective Order.

_____
Name            (Please print)


| _____ | _____ |
| Date | Signature |

Witness:

_____
Name            (Please print)

| _____ | _____ |
| Date | Signature |

Balt2:482269:1:3/23/01
17753-369

# UNITED STATES DISTRICT COURT
## OFFICE OF THE CLERK
# DISTRICT OF MARYLAND

Felicia C. Cannon, Clerk                          Reply to Northern Division Address

March 28, 2001

Re: Williams & Kirklewski v. Worldcom, Inc.
Civil No. JFM 00-3348

Judge Motz:

This is a proposed protective order dealing with the confidentiality or sealing of documents for your review. If it should be returned to counsel, please initial and date the attached letter.

Very truly yours,

FELICIA C. CANNON, CLERK

By:_____
M. Mattes Starr
Deputy Clerk

Attachments

*[handwritten note: Proposed order is fine. Thanks]*

U.S. District Court (Rev. 11/1999) - Proposed Protective Order Packet

Northern Division • 4415 U.S. Courthouse • 101 W. Lombard Street • Baltimore, Maryland 21201 • 410-962-2600
Southern Division • 240 U.S. Courthouse • 6500 Cherrywood Lane • Greenbelt, Maryland 20770 • 301-344-0660

Visit the U.S. District Court's Web Site at www.mdd.uscourts.gov